MATTER OF ESTRADA-MORENA.

In Deportation Proceedings

A-10551015
A-10551011

Decided by Board June 11, 1965

The special inquiry officer has authority in deportation proceedings to grant a nunc pro tunc waiver of the passport requirement under section 211(e), Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable as immigrant not in possession of valid unexpired, passport (as to each respondent)

The respondents, a sister and brother, 13 and 11 years of age respectively, are natives and citizens of Mexico. They have been found deportable as aliens who were excludable at the time of their entry as immigrants not in possession of valid unexpired passports and not exempt from the possession thereof by said Act or regulations made thereunder pursuant to section 212(a)(20) of the Immigration and Nationality Act. An order entered by the special inquiry officer on April 7, 1965 grants a waiver of the passport requirement, nunc pro tunc, as of the time of their admission to the United States for permanent residence at El Paso, Texas, on April 23, 1956. The order terminated the proceedings and certified the case to the Board of Immigration Appeals for final decision.

The respondents were issued immigration visas in 1956 as a result of a scheme evolved by their parents to enter the United States for permanent residence. The mother of the respondents obtained birth records relating to one Micaela Moreno who was born in Ontario, California. The American Consul at Juárez, Mexico, issued the respondents and their father immigration visas for permanent residence and they were admitted as immigrants at El Paso, Texas on April 23, 1956. The passport requirement was waived by the consul in accordance with the provisions of 22 CFR 42.36.

The evidence establishes that the two respondents were admitted on April 23, 1956, as immigrants upon a waiver of the passport requirement pursuant to 8 CFR 211.2, which waiver was granted to them as a result of the misrepresentation that their mother was a United States citizen when in fact she was not a citizen of the United States. The evidence also establishes that the respondents were excludable on April 23, 1956, as aliens who were immigrants not in possession of a valid unexpired passport or other suitable travel document. We affirm the finding of the special inquiry officer that the respondents are deportable as charged in their respective orders to show cause.

The respondents have applied for a waiver, *nunc pro tunc*, of the passport requirement (Exhs. 12 and 13). Section 211(e) of the Immigration and Nationality Act requires that every immigrant must present a valid unexpired passport if such document is required under the regulations issued by the Attorney General. These regulations are found in 8 CFR 211.2. The regulation provides among other things that the district director in charge of the port of entry may grant a passport waiver where there is good cause for failure to present the required documents. The application for a waiver may be presented to the special inquiry officer during an exclusion proceeding in the event the district director should refuse to grant a waiver of the passport requirement (8 CFR 235.7). Accordingly under 8 CFR 235.7 the special inquiry officer does have authority to consider an application for a waiver of the passport requirement where such application is made during the course of an exclusion hearing.

The special inquiry officer is of the opinion that since a deportation charge under section 241(a)(1) of the Act is in effect a delayed exclusion proceeding and reaches all those who manage to enter the United States in violation of the excluding provisions of the law he may entertain and consider an application for a waiver of the passport requirement, *nunc pro tunc*, with reference to the date when the alien was admitted to the United States as an immigrant and at which time he was not in possession of the required passport. The special inquiry officer relies upon 8 CFR 242.17(d),[1] for the authority to grant said waiver. We agree with the special inquiry officer that he has authority to grant the relief requested by the respondents.

---

[1] 8 CFR 242.17(d) reads as follows: "Nothing contained herein is intended to foreclose the respondent from applying for any benefit or privilege which he believes himself eligible to receive in proceedings under this part."

The trial attorney is of the opinion that the special inquiry officer does not have authority to grant the waiver provided by section 211(e), *nunc pro tunc*. The trial attorney argues that since the respondents did not have the relationship to a United States citizen which would exempt them from presenting a passport this deficiency cannot be cured by *nunc pro tunc* action. The trial attorney maintains that a *nunc pro tunc* order should correct the record to state the facts as they existed at the time of the respondents' entry for permanent residence in 1956. It is argued that the respondents are unable to avail themselves of the benefits under the law which existed at the time of their entry because they were excludable under the provisions of section 212(a)(15) as aliens likely to become a public charge.

We find no basis for the exceptions raised by the trial attorney. There is no evidence that the respondents were ineligible for nonquota immigration visas at the time of their entry in 1956. Concerning the allegation of the trial attorney that they would have been inadmissible as aliens likely to become a public charge we note that they have resided in the United States for nine years and have not become public charges. Under 8 CFR 211.2(g) the burden is upon the respondents to establish that there is "good cause for failure to present the required document." Unfortunately the respondents were not children of a United States citizen but this misrepresentation on the part of their parents when they applied for the respondents' nonquota immigration visas should not inure to the detriment of the respondents themselves. Under the regulations which existed at that time [2] the consul did have the authority to waive the passport requirement for a citizen of Mexico. We conclude that the respondents have presented good cause for failure to have obtained the required Mexican passports and will affirm the grant of the waivers of the passport requirement by the special inquiry officer,

---

[2] The regulation at that time read as follows:

"42.36 . . . (a) except as provided in paragraph (b) of this section, every alien applying for an immigrant visa shall present to the consular officer a passport . . .

(b) . . . an immigrant within any of the following categories shall not be required to present a passport in applying for an immigrant visa: . . .

(5) an immigrant who is the parent, spouse or unmarried son or daughter under twenty-one years of age, of a United States citizen."

Following a requirement by Mexico that her nationals have a passport when departing from that country the regulation was amended in 1958 by adding the following language to clause (5):

"unless such immigrant is applying for a visa in the country of which he is a national and the possession of a passport is required for departure from such country."

*nunc pro tunc.* The order terminating the proceedings will be affirmed (Cf. *Matter of G—,* 6 I. & N. Dec. 9, 14.)

**ORDER:** It is directed that the order entered by the special inquiry officer on April 7, 1965, granting the respondents a waiver of the passport requirement *nunc pro tunc* as of the time of their admission at El Paso, Texas, on April 23, 1956 as nonquota immigrants and terminating this proceeding be and the same is hereby affirmed.